92 F.3d 1192
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
J. Mark HOLLIS, Plaintiff-Appellant,
and
United States of America, Plaintiff,
v.
SCIENCE APPLICATIONS INTERNATIONAL CORPORATION, Science
Applications International Technology, a division
of Science Applications International
Corporation, Defendant-Appellee.
 No. 95-55128.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 3, 1996.
Decided July 26, 1996.
 
 Before: WIGGINS, THOMPSON, TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We review de novo the district court's jurisdictional determination. Hagood v. Sonoma County Water Agency, 81 F.3d 1465, 1472 (9th Cir.1996). However, we accept the factual findings underlying such determination unless they are clearly erroneous. Id. Hollis bears the burden of establishing jurisdiction, and all other essential elements of his claim, by a preponderance of the evidence. 31 U.S.C. § 3731(c); Hagood, 81 F.3d at 1472.
 
 
 3
 We reverse the district court's dismissal of J. Mark Hollis from this action and remand for the district court's consideration of the issue of public disclosure under 31 U.S.C. § 3730(e)(4)(A). The district court's reliance on the deposition testimony of Kyle Webb in finding public disclosure is foreclosed by United States ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1520 (9th Cir.1995) (holding discovery material not filed with the court does not constitute a public disclosure under § 3730(e)(4)(A)), petition for cert. filed, 64 U.S.L.W. 3593 (U.S. Feb. 15, 1996) (No. 95-1340), which was decided after the district court issued its order. Counsel for Science Applications International Technology ("SAIT") conceded at oral argument that the only possible basis for finding a prior public disclosure is the documents, summarizing the Webb deposition testimony, which were filed in Webb's litigation in state court. These documents were never filed with the district court. On remand, the district court is to determine whether the documents filed in the state action constitute public disclosure under § 3730(e)(4)(A), and whether Hollis' complaint was "based upon" that disclosure. See United States ex rel. Lindenthal v. General Dynamics Corp., 61 F.3d 1402, 1409 (9th Cir.1995); Wang v. FMC Corp., 975 F.2d 1412, 1416-17 (9th Cir.1992).
 
 
 4
 In light of our remand for further consideration of the public disclosure issue, we express no opinion regarding whether Hollis qualified as an original source under 31 U.S.C. § 3730(e)(4)(B). See Wang, 975 F.2d at 1417.
 
 
 5
 Lastly, we grant the parties' Requests for Judicial Notice, filed June 3, 1996, of documents, relating to Webb's deposition testimony, that were filed in his state court action. We deny Hollis' Request for Judicial Notice of Webb's wrongful termination complaint. We also deny SAIT's Motion for Leave to File a Post-Argument Supplemental Letter Brief.
 
 
 6
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3